09-1705-ag
Qiu v. Holder

BIA
Nelson, IJ
A094 048 575

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand nine.

PRESENT:
>    ROBERT D. SACK,
>    REENA RAGGI,
>    GERARD E. LYNCH,
>       *Circuit Judges*.

─────────────────────────────────────

JING ZHE QIU,
>    *Petitioner*,

v.                                          09-1705-ag
                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
>    *Respondent*.

─────────────────────────────────────

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Carl H. McIntyre, Justin R.
                       Markel, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jing Zhe Qiu, an ethnic Korean native and citizen of the People's Republic of China, seeks review of a March 31, 2009 order of the BIA affirming the September 13, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Qiu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Zhe Qiu*, No. A094 048 575 (B.I.A. Mar. 31, 2009), *aff'g* No. A094 048 575 (Immig. Ct. N.Y. City, Sept. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We find no error in the IJ's conclusion that Qiu failed to establish that the harm he fears bears a nexus to one of the protected grounds enumerated in the Immigration and

2

Nationality Act. *See* 8 U.S.C. § 1101(a)(42). To establish eligibility for relief, Qiu was required to show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208 (BIA 2007).

Qiu alleged that Chinese authorities are looking to arrest him because of an imputed political opinion, namely, his putative political opposition to China's refugee policy. However, Qiu himself asserted during his testimony that if he returned to China, authorities would arrest him "because [he] helped North Korean refugees." Arrest for violation of a generally applicable law is not persecution. *Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002) (per curiam); *see also Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Moreover, as the BIA noted, when Qiu was detained for this activity, he was not mistreated, his detention lasted seven days, and he was released upon payment of a fine. *Cf. Matter of S-P-*, 21 I. & N. Dec. 486, 494-95 (BIA 1996)(noting infliction of physical harm.) Qiu failed to present any evidence that would compel a reasonable fact-finder to conclude that the agency's nexus

3

finding was erroneous. *See Weng*, 562 F.3d at 513.

Because the agency reasonably found that Qiu failed to show the requisite nexus to a protected ground, it properly denied his application for asylum and withholding of removal. 8 U.S.C. § 1101(a)(42). Although Qiu recites the standards for CAT relief in his brief, he articulates no challenge to the BIA's rejection of his CAT claim. Any potential challenge to that rejection in thus waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4